## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

MARIE SEVERNS, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

   vs.

MERCANTILE ADJUSTMENT BUREAU, LLC,

        Defendant.

Case No.: 17-cv-348

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.      Plaintiff Marie Severns is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5.      Defendant Mercantile Adjustment Bureau, LLC ("Mercantile") is a debt collection agency with its principal place of business located at 165 Lawrence Bell Dr Ste 100, Williamsville, NY 14221.

6.      Mercantile is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.      Mercantile is in the business of purchasing and collecting debts, incurred for personal, family or household purposes, which are in contractual default at the time of purchase. *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003).

## FACTS

8.      On or about June 8, 2016, Mercantile mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Bank of America, N.A." ("BoA"). A copy of this letter is attached to this complaint as Exhibit A.

9.      The alleged debt identified in Exhibit A is an alleged credit card account, used only for personal, family or household purposes.

10.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11.     Upon information and belief, Exhibit A is a form debt collection letter used by Mercantile to attempt to collect alleged debts.

12.     Exhibit A is a "self-mailer." A self-mailer is "a folder that can be sent by mail without enclosure in an envelope by use of a gummed sticker or a precanceled stamp to hold the leaves together."

13.     Self-mailers are commonly used in the debt collection industry, and by Mercantile.

14.     Exhibit A is deceptively designed.

15.     When the consumer pulls apart Exhibit A in order to view the contents of the letter inside, the glue adhesive that holds it together rips the paper and damages the writing of the

2

letter, causing the name of the creditor and the account numbers to be obscured or removed entirely.

16.     Upon information and belief, many consumers who attempt to open Exhibit A, open it in a way that obscures the name of the creditor and the account numbers.

17.     Plaintiff has the original copy of Exhibit A for inspection.

18.     Upon information and belief, Mercantile knew or should have known that a substantial number of consumers receiving Exhibit A would open Exhibit A such that the name of the creditor and/or account numbers would be damaged by the glue and either removed entirely or partially obscured.

19.     The unsophisticated consumer would not be able to determine from Exhibit A what debt Exhibit A was attempting to collect and whether it was legitimate or not.

20.     Plaintiff was confused by Exhibit A.

21.     The unsophisticated consumer would be confused by Exhibit A.

22.      Plaintiff had to spend time and money investigating Exhibit A.

23.     Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

24.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a

3

cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

25.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

<u>COUNT I – FDCPA</u>

26.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

27.     Mercantile's self-mailer debt collection letter is deceptively designed so that when the consumer pulls open the self-mailer to read the contents, the name of the creditor and account number are either destroyed or partially ripped and obscured.

4

28.     A significant number of consumers, if not a majority, open Exhibit A in a way that damages or destroys the name of the creditor and the account number. See Exhibit A.

29.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

31.     15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

32.     Mercantile violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

33.     Plaintiffs bring this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between March 9, 2016 and March 9, 2017, inclusive, (e) that was not returned by the postal service.

34.     The Class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the Class.

35.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e and 1692f.

36.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

37.     Plaintiff will fairly and adequately represent the interests of the Class members.

Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

38.     A class action is superior to other alternative methods of adjudicating this dispute.

Individual cases are not economically feasible.

## JURY DEMAND

39.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and

the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  March 9, 2017

**ADEMI & O'REILLY, LLP**

By:     /S/ John D. Blythin
        Shpetim Ademi (SBN 1026973)
        John D. Blythin (SBN 1046105)
        Mark A. Eldridge (SBN 1089944)
        Denise L. Morris (SBN 1097911)
        3620 East Layton Avenue
        Cudahy, WI 53110
        (414) 482-8000
        (414) 482-8001 (fax)
        sademi@ademilaw.com
        jblythin@ademilaw.com
        meldridge@ademilaw.com
        dmorris@ademilaw.com

6